IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
CORY J. HILTON, BAR NO. 4290

No. 79819



FILED

JUL 08 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Cory J. Hilton be suspended from the practice of law for five years, or alternatively four years if $3,510,069.11 is paid in restitution by December 31, 2020, based on violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.15 (safekeeping property), and RPC 8.4 (misconduct).[1]

We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and thus, will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). In contrast, we review de novo a disciplinary panel's conclusions of law and recommended discipline. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Hilton committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We defer to the panel's findings of fact in this matter as they are supported by substantial evidence and are not clearly erroneous. However, we conclude the panel erred in dismissing as time barred the charge that Hilton violated

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

 

20-25148

RPC 1.15 (safekeeping property) as to client Wendy Eveland-Black because there was no evidence in the record that Eveland-Black or the State Bar were aware before January 2014, that in September 2009, Hilton's trust account fell below the amount he was supposed to be holding on Eveland-Black's behalf. *See* SCR 106(2) (providing a disciplinary complaint may not be brought more than four years after the client or the State Bar discover the attorney's fraud or concealment). Based on the panel's findings and the record before this court, we agree with the panel's conclusions that the State Bar established by clear and convincing evidence that Hilton violated the above-listed rules by having his trust account out of balance by $3,510,069.11, failing to keep three clients informed about the status of their cases and failing to promptly comply with their reasonable requests for information, failing to timely disburse settlement funds to or on behalf of seven clients, and lying to the court about a case having settled when the case had yet to be completed. While the record demonstrated that Hilton's former bookkeeper was responsible for a portion of the missing trust account funds, Hilton recklessly avoided any active participation in the review, monitoring, or management of his trust account.

In determining whether the panel's recommended discipline is appropriate, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). We must ensure that the discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (noting the purpose of attorney discipline).

Hilton violated duties owed to his clients (diligence, communication, and safekeeping property) and the profession (misconduct).

Hilton's mental state was knowing as the record demonstrates he never reviewed the trust account records himself so he knew or should have known his mismanagement of his firm and trust account could lead to a failure to keep client property safe. Hilton's clients and their lienholders were injured because they were not timely paid. Additionally, the legal system and the legal profession were injured by Hilton's misconduct. Based on the most serious instance of misconduct at issue, Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, 452 (Am. Bar Ass'n 2017) ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."), the baseline sanction for Hilton's conduct, before consideration of aggravating and mitigating circumstances, is suspension. *See id.* Standard 4.12 ("Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client."). The record supports the panel's findings of five aggravating circumstances (prior disciplinary offenses, pattern of misconduct, multiple offenses, substantial experience in the practice of law, and indifference to making restitution) and two mitigating circumstances (personal or emotional problems and character or reputation). Considering all of the factors, we conclude the panel's recommended discipline serves the purpose of attorney discipline.

Accordingly, we hereby suspend attorney Cory J. Hilton from the practice of law in Nevada for five years from the date of this order. Hilton shall pay $3,510.069.11 in restitution and complete ten hours of continuing legal education in law firm management, including at least five

hours on trust account management.[2] If Hilton pays the restitution in full by December 31, 2020, the five-year suspension will be reduced to a four-year suspension. Additionally, Hilton shall continue treatment with his clinical therapist at a duration of her recommendation. Hilton shall also pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.[3]

_____ , C.J.
Pickering

_____ , J.
Hardesty

_____ , J.
Stiglich

_____ J.
Gibbons

_____ , J.
Parraguirre

_____ , J.
Cadish

cc: Chair, Southern Nevada Disciplinary Board
Bar Counsel, State Bar of Nevada
E. Breen Arntz, Chtd.
Michael J. Warhola, LLC
Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court

---

[2]Hilton argues less restitution is owed, but the record does not adequately reflect a lesser amount is due. However, if Hilton can adequately demonstrate to the State Bar that all restitution has been paid and the amount paid is less than $3,510,069.11, he will not be required to pay additional funds.

[3]The Honorable Abbi Silver, Justice, voluntarily recused herself from participation in the decision of this matter.